IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RONALD K. HOOKS**, Regional Director of the Nineteenth Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>Petitioner,<br><br>v.<br><br>**INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, LOCAL 8**; **INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, LOCAL 40**; and **INTERNATIONAL LONGSHORE AND WAREHOUSE UNION**,<br><br>Respondents. | Case No. 3:12-cv-01088-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

On December 16, 2014, the Court found Respondents ILWU and ILWU Local 8 in contempt of the preliminary injunction issued by the Court, enjoining Respondents from engaging in certain work slowdowns and stoppages at Terminal 6 at the Port of Portland. Dkt. 114. The Court found Respondents ILWU and ILWU Local 8 in contempt for the time period from July 20, 2012 through August 13, 2013. The Court ordered as one of the remedies that Respondents pay to Petitioner all reasonable costs and expenses, including reasonable

PAGE 1 – ORDER

attorney's fees, incurred by Petitioner in the investigation, preparation, presentation, and final disposition of the contempt proceeding. On February 13, 2015, Petitioner filed an affidavit detailing their costs and expenses, in the amount of $59,628.18. Dkt. 121. Respondents did not object to the requested costs and expenses.

The Court has reviewed Petitioner's requested costs and expenses (Dkt. 121) and finds them reasonable.[1] Accordingly, Respondents are ordered to pay Petitioner $59,628.18 as reasonable costs and expenses incurred in investigating and litigating the civil contempt proceedings.

**IT IS SO ORDERED.**

DATED this 9th day of March, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[1] The Court notes that Petitioner calculated the requested attorney hourly rates based on the "*Laffey* Matrix," which is a matrix of years of experience and hourly rates for the District of Columbia and is maintained by the United States Department of Justice. Although Petitioner adjusted the *Laffey* matrix to more accurately reflect rates in the Portland legal market, the Court declines to consider the *Laffey* Matrix, as its applicability to the Portland legal market is questionable. *See, e.g.*, *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010) ("[J]ust because the *Laffey* matrix has been accepted in the District of Columbia does not mean that it is a sound basis for determining rates elsewhere, let alone in a legal market 3,000 miles away."); *League of Wilderness Defenders/Blue Mountains Biodiversity Project v. U.S. Forest Service*, 2014 WL 3546858, at *14 n.11 (D. Or. July 15, 2014) (declining to consider the *Laffey* matrix in determining a reasonable fee award in the Portland market); *Fitzgerald v. Law Office of Curtis O. Barnes*, 2013 WL 1627740, at *2 (E.D. Cal. 2013) ("Neither the *Laffey* Matrix nor the Consumer Law Attorney Fee Survey Report provide data on prevailing rates in the Eastern District of California, Fresno Division. Hence both are irrelevant to determining reasonable hourly rates for Plaintiff's counsel."). The Court has evaluated the requested hourly rates considering the Oregon State Bar 2012 Economic Survey and the Morones Survey of Commercial Litigation Fees, updated as of January 1, 2012 and finds the requested rates to be reasonable.

PAGE 2 – ORDER